UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


_____

Zachary J. Thomen-Brown        )
                               )
           Plaintiff,          )            Case No: 13 cv 10741
                               )
v.                             )
                               )
Wilder  & Associates and       )
Jill A. Wilder,                )
                               )
           Defendants,         )
_____  )

## COMPLAINT

1.      Plaintiff Zachary Thomen-Brown brings this action to recover unpaid wages for work he performed for Defendants Jill A. Wilder ("Wilder") and Wilder & Associates ("Company") (collectively referred to herein as "Defendants"). Thomen-Brown entered into an employment contract in which he agreed to perform services in exchange for payment of wages including a salary and bonus.  Plaintiff performed the work and was not paid the bonus. Defendants entered into subsequent contracts in which Defendants promised to pay the earned bonus at different dates.  However, Defendants have breached the subsequent agreement and have not paid Plaintiff the wages owed to him.   Plaintiff seeks damages in an amount to be determined at trial, as well as other relief, for the conduct complained of herein.

### Jurisdiction and Venue

2.      This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

**3.**      Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because a part of the events or omissions giving rise to the claim occurred here.

## Parties

**4.**      Plaintiff Thomen-Brown is a resident of Charlestown, Massachusetts.

**5.**      Between approximately August 1, 2010 to August 1, 2012, Thomen-Brown was employed by Defendants primarily to perform work as a Business and Technology Analyst.

**6.**      Defendant Wilder is a resident of Ohio and is President of Wilder & Associates, an Ohio Company.

**7.**      Defendant Wilder & Associates, Inc. is an Ohio Company.

## FACTUAL ALLEGATIONS

**8.**      Thomen-Brown was employed by Defendants starting in 2006.  He started as a part-time employee and by 2008 was offered a full time position. In 2010 Thomen-Brown informed Wilder that he was leaving Ohio and his employment with Defendants to attend law school in Boston, Massachusetts.

**9.**      In late July 2010, Wilder offered Thomen-Brown a one year employment agreement with a generous bonus to induce Thomen-Brown to defer his enrollment to law school in Boston, Massachusetts and to continue his employment with Defendants.

**10.**      On August 1, 2010 Thomen-Brown entered into a one year employment agreement with Defendants ("2010 Employment Agreement").   The 2010 Employment Agreement states that the Defendants agreed to pay Thomen-Brown a salary of forty thousand dollars ($40,000) per year.  The 2010 Employment Agreement also states that Defendants agree to pay Thomen-Brown a bonus of ten thousand dollars ($10,000) for each one- month period of

continued employment during the terms of the agreement. The 2010 Employment Agreement states that the total amount of the bonus was to be paid in full no later than July 31, 2011.

**11.**     Thomen-Brown was continuously employed through the full term of the 2010 Employment Agreement and therefore earned the full amount of the bonus.  Defendants failed to make full payment of the bonus by July 31, 2011 and breached the agreement.

**12.**     In or around late July and early August 2011, Thomen-Brown began his move to Boston, Massachusetts to attend law school.

**13.**     On August 1, 2011, Thomen-Brown and Defendants entered into a new one year employment contract ("2011 Employment Agreement") in which Defendants agreed to pay Thomen-Brown forty thousand dollars ($40,000) over one year to perform services on behalf of the Defendants.

**14.**     Thomen-Brown performed the terms of the 2011 Employment Agreement from his home in Massachusetts and as a resident of Massachusetts.  The parties agreed that Thomen-Brown would work for Defendants remotely from his residence in Massachusetts.

**15.**     In August 2011, Thomen-Brown and the Defendants entered into a new agreement relating solely to unpaid bonus ("Bonus Repayment Agreement").   This new agreement was titled "Agreement to Extend Time for Payment of Employment Bonus."  Under the terms of the Bonus Repayment Agreement, Defendants agreed that Thomen-Brown was entitled to the bonus and that Defendant would make full payment of the bonus no later than January 31, 2012.

**16.**     On December 29, 2011, the parties modified the Bonus Repayment Agreement in a document titled "Addendum to the Agreement to Extend Time for Repayment of Employment

Bonus."  This addendum extended the bonus payment due date to June 30, 2012.  This agreement was negotiated and executed while Thomen-Brown was a resident of Massachusetts.

17.     On June 27, 2012, the parties again the Bonus Repayment Agreement in a new document titled, "Addendum to the Agreement to Extend Time for Repayment of Employment Bonus."  This addendum extended the bonus payment due date to July 31, 2012.  This agreement was negotiated and executed while Thomen-Brown was a resident of Massachusetts.

18.     On August 1, 2012 the parties entered into a new agreement titled "Bonus Agreement" in which Defendants agree to pay the outstanding bonus payment in monthly installments of not less than $3500 for a maximum of twenty four (24) months.  The agreement further provided that Wilder agreed to secure and assign a life insurance policy that provided irrevocable benefits to Thomen-Brown in the amount owed on the bonus.  This agreement was negotiated and executed while Thomen-Brown was a resident of Massachusetts.

19.     Defendants have not made any payments as required under the terms of the "Agreement to Extend Time for Payment of Employment Bonus" or the "Bonus Agreement."

20.     Defendants have not provided any evidence that the insurance policy was secured and assigned to Thomen-Brown.

21.     Defendants have breached the agreements set forth herein and owe Plaintiff Ninety Seven Thousand Five Hundred dollars ($97,500) for earned unpaid bonus wages.

## COUNT I

### VIOLATION OF PAYMENT OF WAGES STATUTE – M.G.L. ch. 149 § 148

22.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-23 above.

**23.**     By their conduct as set forth herein, Defendant violated M.G.L. ch. 149 § 148 by willfully and knowingly failing to pay Plaintiff for wages accrued during his employment in a timely fashion.

**24.**     As a result of Defendant's conduct, Plaintiff was deprived of wages earned during his employment.

**25.**      Pursuant to M.G.L. ch. 151 s. 1A and 1B, Defendant is liable for treble damages, prejudgment interest, plus costs and reasonable attorney's fees.

## COUNT II

## BREACH OF CONTRACT CLAIM

**26.**     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-27 above.

**27.**     Plaintiff entered into a contract with the Defendant which stated he was to be paid wages earned during his employment.

**28.**     The Defendant failed to pay Plaintiff for his wages owed under the contract.

**29.**     As a result, Plaintiff was deprived of wages payments owed to him pursuant to the contract.

## COUNT III

## BREACH OF GOOD FAITH AND FAIR DEALING

**30.**     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-31 above.

**31.**     Plaintiff entered into an employment contract with the Defendant in which he agreed to perform services in exchange for wages.

**32.**    Plaintiff performed such services for which the Defendant refused to compensate

him.

**33.**    As a result, Plaintiff was deprived of payments owed to him.

## JURY DEMAND

Wherefore, the Plaintiff requests that this Court enter the following relief:

1. Unpaid wages
2. Other compensation which the Plaintiff is entitled;
3. Treble Damages
4. Attorney's fees and costs
5. Prejudgment and postjudgment interest
6. Treble damages as required under the state statute;
7. Any other relief which the Plaintiff may be entitled.

Plaintiff requests a trial by jury on all of his claims.

Respectfully Submitted,

Zachary J. Thomen-Brown
By his attorney,

   /s/ Corinne Hood Greene

Corinne Hood Greene (BBO # 654311)
Greene & Hafer, LLC
121 Main St.
Charlestown, MA 02129
617-921-9314
cgreene@greeneandhafer.com